

FILED

05/15/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 8, 2016

**ROBERT E. LEQUIRE, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sumner County**
**No. 2014-CR-985   Dee David Gay, Judge**

_____

**No. M2015-01950-CCA-R3-PC**

_____

Petitioner, Robert E. Lequire, Jr., appeals from the denial of his petition for post-conviction relief, in which he alleged that he was denied the effective assistance of counsel and that his guilty plea was not knowingly and voluntarily entered. Having reviewed the record and the briefs of the parties, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Manuel B. Russ, Nashville, Tennessee (on appeal) and Stroud Vaughn, Gallatin, Tennessee (at trial), for the appellant, Robert E. Lequire, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Lawrence Ray Whitley, District Attorney General; Tara A. Wyllie and Eric Mauldin, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Procedural background*

Petitioner was charged in a 22-count indictment for the following offenses: seven counts of soliciting sexual exploitation of a minor by electronic means; one count of especially aggravated sexual exploitation of a minor; 12 counts of sexual exploitation of a minor; and two counts of statutory rape by an authority figure. Pursuant to a negotiated plea agreement, Petitioner pleaded guilty to six counts of soliciting sexual exploitation of a minor by electronic means and two counts of statutory rape by an authority figure and

received an effective sentence of 12 years. The remaining 14 counts of the indictment were dismissed.

Petitioner filed a timely pro se post-conviction petition, and an amended petition was subsequently filed by appointed counsel. Following an evidentiary hearing, the post-conviction court denied post-conviction relief.

***Guilty plea submission hearing***

The State provided the following factual basis for Petitioner's guilty pleas:

> Your Honor, if this case were to go to trial, the state's proof would show that [Petitioner] had power of attorney over a young minor named [T.L.]. She was 15 when this was brought to the state's attention.
>
> . . . .
>
> When Detective Steffy responded, he took the phones of both the victim and the [petitioner] and did a search. He questioned the [petitioner]. He denied any kind of physical contact or anything that anything inappropriate would be on the phone.
>
> Once the victim was shown or told about the pictures on the phone, she admitted that she and the [petitioner] had had sex four to six times: two in the state of New Hampshire and four times in the state of Tennessee between . . . January through May of 2013 on Count No. 22 and January through May on Count No. 21. And that would be the state's proof on the statutory rape case.
>
> If Count 1 were to go to trial, the state's proof would show that there was an image of the [petitioner] sent to [T.L.], 15 years old at the time of the offense, and it was dated January 24th of 2013. That's Count 1.
>
> On Count 3, there was an image of the [petitioner] sent to [T.L.] dated January 31st of 2013.
>
> Count 4 would be an image of the [petitioner] sent to [T.L.] dated February 3rd, 2013.
>
> And Count 5 is an image of the [petitioner] sent to [T.L.] dated February 13th of 2013.

And on Count 6, there was an image of the [petitioner] sent to [T.L.], 15 years old at the time, dated February 16th of 2013.

And, Judge, each of these pictures was a photograph containing sexual activity. And the purpose of the display could reasonably be construed as being for the sexual arousal or gratification of the minor or himself. That would be the State's proof.

The prosecutor advised the trial court that Petitioner dated the victim's mother in New Hampshire, where Petitioner began an inappropriate relationship with the victim, who was nine or ten-years-old at the time. Petitioner and the victim then moved to Nevada and later to Tennessee. The victim was not enrolled in school "because he was trying to keep her for his purposes."

Petitioner stated that he was 61-years-old and that he had graduated from high school. He stated that he had read over the charges and plea agreement with his counsel and that he understood it. He stated that no one was forcing him to enter his guilty pleas and that he understood his sentences. He stated that he was not taking any medications. The trial court asked Petitioner:

THE COURT: [Petitioner], do you believe that you have all the information that you need right now to make this decision?

[PETITIONER]: Yes, sir.

THE COURT: Are you satisfied with the services of your attorney?

[PETITIONER]: Yes, sir.

THE COURT: Do you believe he's given you good representation and good advice?

[PETITIONER]: Yes, sir.

THE COURT: Is there anything that you wanted him to do that he did not do that was within his control as your attorney?

[PETITIONER]: No, sir.

3

Following the State's factual basis for the guilty pleas, trial counsel announced to the court:

> Your Honor, the only thing I wanted to add is, just for the record, [Petitioner] was telling me when the state was going over their proof, he – just for the record, he did not move [T.L.] to Las Vegas; although, he understands these crimes are crimes that occurred in the state of Tennessee and he is pleading guilty to these crimes.

The trial court then asked Petitioner, "[y]ou're guilty of all these crimes[?]" and Petitioner answered, "[y]es, sir."

## Post-conviction hearing

Petitioner testified that he was 63 years old at the time of the post-conviction hearing. He had graduated from high school. He did not have any mental health conditions or learning disabilities, and he was not taking any medications. Petitioner testified that he retained trial counsel to represent him in August, 2013. Petitioner testified that he met with trial counsel on four or five occasions. Petitioner testified that the first occasion he met with trial counsel, trial counsel explained his charges, and he advised Petitioner that he intended to file a motion to suppress evidence. Trial counsel filed a motion to suppress, in which he asserted that Petitioner's consent to search his cell phone was involuntary and coerced. Petitioner asked trial counsel to subpoena the victim to testify at the suppression hearing. Trial counsel subpoenaed the victim, but she was not called to testify at the suppression hearing. Petitioner testified that trial counsel was not prepared for the suppression hearing, and the motion to suppress was denied. Petitioner testified that trial counsel told him, "'I won't feel bad if you sue me.'" Petitioner testified that trial counsel did not properly cross-examine the detective.

Petitioner testified, "I just started getting a funny feeling. He just wasn't doing his job." Petitioner testified that trial counsel conveyed an offer of settlement to Petitioner that included a 20-year sentence, and Petitioner "was, like, no, you know, it's not acceptable." Petitioner ultimately accepted an offer of 12 years to be served at 30 percent. He testified that trial counsel "made it sound [like Petitioner would] only do three years." Petitioner entered his guilty pleas on the same day the plea offer was conveyed to him. He testified that trial counsel did not prepare him for the plea submission hearing. He testified that he "didn't hear anything [the trial judge] was saying." Petitioner testified that he accepted the offer and pleaded guilty because he did not believe he had any other choice. Petitioner testified, "I felt I was between a rock and a hard place."

4

On cross-examination, Petitioner acknowledged that the sentence range for the especially aggravated sexual exploitation of a minor charge alone was 8 to 12 years at 100 percent. Petitioner acknowledged that the State's evidence against him was strong, and he did not dispute that he sent the photographs or that he had a relationship with the victim. Petitioner denied that he had sex with the victim. Petitioner reviewed the transcript of the plea submission hearing and identified his signature on the plea agreement. He acknowledged that he advised trial counsel during the plea submission hearing of his disagreement with a statement by the prosecutor in the prosecutor's factual basis. Petitioner acknowledged that an audio recording in which he told the detective to look at his phone was played at the suppression hearing. Petitioner also acknowledged that a consent to search form with his signature was presented at the suppression hearing, but Petitioner denied that he had signed the form. Petitioner testified that a search warrant was later obtained. Petitioner testified that he did not know what the victim would have testified to at the suppression hearing. Petitioner testified that he wanted to withdraw his guilty pleas and proceed to trial and that he understood that the maximum potential sentence was 96 years.

The trial court asked Petitioner if he lied under oath during the plea submission hearing, and Petitioner answered that he lied multiple times in response to the trial court's questions.

Trial counsel testified that he had been licensed to practice law since 1999. In the first five years of his career, he served as a part-time assistant district attorney "pro tem" in Robertson County general sessions and juvenile courts. Trial counsel had been in private practice for 16 years, and he had "handled hundreds of cases" in criminal court.

Trial counsel testified that Petitioner was initially represented by the public defender's office. After Petitioner retained trial counsel, trial counsel met with Petitioner and reviewed the discovery materials. He met with Petitioner at the jail on five occasions. Trial counsel reviewed with Petitioner the charges pending against him. He also discussed with him the evidence against him, including the detective's audio recording and a video recording of the victim. Trial counsel testified that Petitioner insisted he file a motion to suppress, and trial counsel explained to Petitioner that "it was a 50/50 shot at best because of Detective Steffy's reputation with the Court and because of [Petitioner's] comments in the audiotape." Trial counsel testified that Petitioner made an unsolicited offer to the detective to look at his phone. Trial counsel subpoenaed the victim at Petitioner's request. He testified that the victim "had a meltdown when she came into the Court, an outburst, and the Court removed her from the hearing and admonished [trial counsel] for even bringing her in." On cross-examination, trial counsel testified that, based on the victim's mental state, he did not believe the victim's testimony would have helped Petitioner at the suppression hearing.

5

Trial counsel testified that the State initially offered an effective 24-year sentence, with 12 years to be served at 100 percent and 12 years to be served at 30 percent. Petitioner rejected this offer. Trial counsel testified that the prosecutor made a subsequent offer of 15 years to be served at 30 percent if trial counsel filed a motion to suppress and the motion was denied. The prosecutor offered a sentence of 12 years to be served at 30 percent if Petitioner entered guilty pleas prior to a suppression hearing. Following the trial court's denial of Petitioner's motion to suppress, the State offered 12 years to be served at 30 percent, and Petitioner accepted the offer. Trial counsel testified that, based on the "strong" evidence against Petitioner and Petitioner's total sentence exposure, he believed it was "a fantastic offer." He testified that he "did not twist [Petitioner's] arm." Trial counsel denied that he told Petitioner that he would only serve three years.

Trial counsel testified that he reviewed the plea petition with Petitioner and explained the terms of the plea agreement. Trial counsel testified that Petitioner did not express any dissatisfaction about his representation:

> [H]e was upset, I mean, like anybody else might be that was about to agree to a sentence to be incarcerated, but he didn't tell me he didn't understand. He didn't tell me, you're fired, I want somebody else to help me. If he had told me that, I would have been happy to walk out here and tell the Court that he wanted to terminate the relationship. At no time did I promise him anything that he was going to get. At no time did I encourage him, other than to say – and I'm confident that I told him this was a – based on what he was facing, that this would be a good plea to enter.

*Analysis*

Petitioner argues that trial counsel's deficient representation caused him to waive his rights and plead guilty and that he did not understand what he was doing in pleading guilty. The State argues that trial counsel's representation of Petitioner was effective and that his guilty plea was, in fact, knowing and voluntary.

To obtain post-conviction relief, a petitioner must prove that his or her conviction or sentence is void or voidable because of the abridgement of a right guaranteed by the United States Constitution or the Tennessee Constitution. T.C.A. § 40-30-103; *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). A post-conviction petitioner bears the burden of proving his or her allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). "'Evidence is clear

6

and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)).  In an appeal of a court's decision resolving a petition for post-conviction relief, the court's findings of fact "will not be disturbed unless the evidence contained in the record preponderates against them." *Frazier v. State*, 303 S.W.3d 674, 679 (Tenn. 2010).

A criminal petitioner has a right to "reasonably effective" assistance of counsel under both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution.  *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).  The right to effective assistance of counsel is inherent in these provisions.  *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984); *Dellinger*, 279 S.W.3d at 293.  To prove ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice to the defense.  *Strickland*, 466 U.S. at 687.  Failure to satisfy either prong results in the denial of relief.  *Id.* at 697.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms."  *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)).  Moreover, the reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, *see Strickland*, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation.  *See Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).  The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he or she would not have pled guilty but would instead have insisted on proceeding to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *House v. State*, 44 S.W.3d 508, 516 (Tenn. 2001).

In its written order denying relief, the post-conviction court found Petitioner not to be credible.  The court emphasized that Petitioner testified that "he had lied on more than one occasion during the guilty plea proceedings."  The court noted that "Petitioner testified that he was not paying attention during the plea hearing; however, the record shows that during the middle of the guilty plea hearing the Petitioner asked his defense attorney to correct something about the facts," negating Petitioner's assertion that he was inattentive.  The post-conviction court accredited the testimony of counsel.  The court concluded that counsel's performance was not deficient, stating:

[T]o the contrary, in this case defense counsel met with the prosecutor, reviewed all the discovery and evidence, filed appropriate pleadings, met with the [petitioner] numerous times and ultimately negotiated a plea with a sentence carrying only one-eighth (1/8) of the [petitioner]'s potential exposure. This Court would opine that rather than being ineffective, defense counsel served the Petitioner extremely well and the Petitioner's claim of ineffective assistance of counsel is not well-taken and respectfully denied.

Regarding Petitioner's claim that his guilty pleas were unknowingly and involuntarily entered, the post-conviction court noted Petitioner's signature on the "Waiver of a Trial by Jury and Request for Acceptance of a Plea Resulting in Conviction" form, and the court reviewed the transcript of the plea submission hearing, "wherein the court went over every detail about the effectiveness of the attorney and the Petitioner, at that time, advised the Court that everything was fine." The court concluded that "Petitioner entered his plea freely, voluntarily, willingly and knowingly."

The record amply supports the post-conviction court's determinations. Petitioner has, therefore, not met his burden of demonstrating that he received ineffective assistance of counsel or that his guilty plea was unknowing and involuntary.

CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE